

LDD

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DEBRA E. DeBLASIO
517 South Olds Boulevard
Fairless Hills, PA 19030

vs.

TOWNSHIP OF FALLS
188 Lincoln Highway, Suite 100
Fairless Hills, PA 19030

and

DET. SGT. NELSON E. WHITNEY, II
of the TOWNSHIP OF FALLS POLICE DEPARTMENT
188 Lincoln Highway, Suite 100
Fairless Hills, PA 19030

C.A.: 07 5236

ATTY ID: 20938

FILED
DEC 12 2007
MICHAEL E. KUNZ, Clerk
By__________ Dep. Clerk

TRIAL BY JURY OF TWELVE DEMANDED

## COMPLAINT

**AND NOW COMES** the Plaintiff, Debra E. DeBlasio, by her attorney, Robert O. Baldi, Esq., of BALDI & JENEI, P.C., who sets forth the following in support of her causes of action.

## GENERAL AVERMENTS

1. This action is brought under and pursuant to 42 U.S.C. 1983 as well as pendent state claims. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1334 and under the doctrine of pendant jurisdiction.

2 Since the claims set forth herein arose in the Eastern District of Pennsylvania and all of the Defendants are citizens of and reside within the boundaries of the Eastern District of Pennsylvania, the venue is proper pursuant to 28 U.S.C. §1391(b ).

3. Plaintiff, Debra E. DeBlasio, is an individual who resides at 517 South Olds Boulevard, Fairless Hills, PA 19030. Said Plaintiff is a citizen and resident of the County of Bucks, Commonwealth of Pennsylvania, and of the United States.

4. Defendant Township of Falls is a municipality located in Bucks County, Pennsylvania, organized and existing under and pursuant to the laws of the

Commonwealth of Pennsylvania.

5. Defendant Det. Sgt. Nelson E. Whitney, II, has at all times relevant been a police officer with the Falls Township Police Department. His employment activities have taken place within the venue and jurisdiction of this Court. At all times relevant, he has acted with the knowledge and authority of his supervisors and with at least one Township Supervisor. Claims are being asserted against him in this lawsuit both individually and in his official capacity as a Falls Township police officer.

6. The Defendant Township is responsible for the training of its police officers, including Defendant Whitney, and for supervising and overseeing the police officers who are employed by the Township.

7. For numerous years prior to times relevant in this law suit, a member of the Board of Supervisors of Falls Township, Dorothy Vislosky, has published a document called the "Vislosky Newsletter."

8. Defendant Whitney knew and/or should have known the following factual history concerning Falls Township Supervisor Dorothy Vislosky:

a. Falls Township Supervisor Dorothy Vislosky has, over the years, claimed to be a public advocate and has used the newsletter to promote various issues at or around election time. The newsletter is also used to endorse specific candidates.

b. Over the years, Falls Township Supervisor Dorothy Vislosky has developed a large political power base. In the process, she has used her political power to help her friends and to attack people she does not like.

c. Over the years, Township Supervisor Dorothy Vislosky has used her newsletter to make vicious attacks upon various individuals, holding people up to public ridicule, alleging various forms of corruption and vice, for the purpose of stirring up controversy, and for the purpose of destroying peoples' reputations in the community.

d. At times relevant to this law suit, Plaintiff has opposed Supervisor Vislosky. As a result, Supervisor Vislosky has regularly attacked Plaintiff in her newsletter.

9. Supervisor Vislosky, for her own personal reasons, has repeatedly convinced other people to act inappropriately, urging them to engage in conduct which has ultimately been found to be improper and actionable.

10. She has been found guilty of defaming, as has at least one other individual, who she actively encouraged and supported in his defamatory statements.

11. Defendant Whitney knew and/or should have known that Falls Township Supervisor Vislosky has from time to time instigated or encouraged others to institate litigation which was meritless and made claims that were meritless.

12. Despite this knowledge, Defendant Whitney assisted Falls Township Supervisor Vislosky in creating a false appearance that Plaintiff had engaged in unlawful, criminal activity.

13. Defendant Whitney, on behalf of Falls Township Supervisor Dorothy Vislosky, acting in his official capacity as a Falls Township police officer, has engaged in unlawful conduct, with the intent to embarrass and humiliate the Plaintiff unjustly.

14. Several years ago, Supervisor Vislosky attacked the Township Engineer and the Township Engineer's employees in her newsletter. These attacks ultimately resulted in an inspector employed by the Township Engineer suing Supervisor Vislosky for defamation. His litigation was referred to by Supervisor Vislosky in her newsletter, as were her on-going allegations against him and against the Township Engineer whose name was Bruce Campbell.

15. Ultimately, the Township Engineer's employee won his defamation action against Supervisor Vislosky and was awarded $100,000.00 in damages. Shortly thereafter, Bruce Campbell died. After his death, Supervisor Vislosky made statements to people suggesting that, before his death, Bruce Campbell had told her various things.

16. Many people have questioned the veracity of Vislosky's assertions and claims that Bruce Campbell allegedly made various statements to her shortly before he died. The disclosure of these alleged statements was made after his died and he was, therefore, unable to respond to same.

17. With the intent to engage in a political prank, Plaintiff registered an email account under the name Dorothy Vislosky@comcast.net. In so doing, she broke no law and did it with the intent to irritate Supervisor Vislosky.

18. At or around June 26, 2006, she sent an email to Supervisor Vislosky from the email account saying "This is Bruce. Stop lying about me!!" suggesting that Bruce

Campbell was reaching out to Supervisor Vislosky, after his death, imploring her to stop lying.

19. As a result, Dorothy Vislosky published a copy of the email in her newsletter with the title "DeBlasio steals Vislosky's identity" and further suggested that Vislosky was a victim of a crime committed by Plaintiff, and that Vislosky had somehow been harmed, when in fact there was no harm and there was no theft.

20. A true and correct copy of relevant portions of the Vislosky Newsletter published in November of 2006 are incorporated herein by reference as Exhibit A.

21. Thereafter, Supervisor Vislosky used her power and influence to initiate a criminal investigation by Defendant Whitney so that she could suggest to people that Plaintiff had committed a crime, when in fact no crime had been committed. Defendant Whitney assisted her in this effort and used unlawful means to produce a document which, on its face, would appear to provide credibility to Vislosky's allegations.

22. In her newsletter, published May 11, 2007, Supervisor Vislosky reproduced a copy of a letter dated September 11, 2006, addressed to Defendant Sgt. Nelson Whitney from Comcast, referring to a "subpoena" issued by Det. Whitney. As a result of that "subpoena", Comcast provided Defendant Whitney with information concerning Plaintiff's Debra E. DeBlasio's account with Comcast, which would have otherwise been confidential. By the nature of the communication, it allowed Supervisor Vislosky to suggest that a proper, formal police investigation was under way and continuing and as part of this investigation valid subpoenas were being issued by some governmental investigative body. In fact the "subpoena" sent to Comcast by Defendant Whitney was invalid and improper and apparently obtained under false pretenses. A true and correct copy of the letter, as well as a portion of the Vislosky Newsletter, is attached hereto and incorporated herein by reference as Exhibit B.

23. Plaintiff first became aware that Defendant Whitney issued a "subpoena" for her private records when the Vislosky Newsletter was circulated on or around May 12, 2007.

24. Plaintiff believes and, therefore, avers that the subpoena was unlawfully issued.

a. The subpoena was not issued for purposes of conducting permissible discovery of a pending civil action:

b. The subpoena did not require the production of documents to a pending criminal hearing.

c. The subpoena was not issued as part of a pending criminal proceeding issued after criminal charges had been filed.

d. At the time the subpoena was issued, no criminal charges had been filed against the Plaintiff.

e. At the time the subpoena was issued, there was no civil action pending before the Court from which the subpoena was improperly obtained by Defendant Whitney.

f. Plaintiff believes and, therefore, avers that Defendant Whitney did not seek nor did he obtain any judicial authority for the use of the subpoena.

g. Plaintiff believes and, therefore, avers that the Court from which the subpoena was issued was unaware of Defendant Whitney's intentions and the issuing Court did not sanction the use of the subpoena.

25. Plaintiff believes and, therefore, avers that Defendant Whitney obtained a subpoena acting in his role as a Falls Township police officer from some source improperly. Plaintiff believes and, therefore, avers that Defendant Whitney, acting in his role as a police office, was able to secure the document improperly, without judicial review and in violation of Plaintiff's constitutional rights.

26. A copy of the letter sent to Defendant Whitney in response to the unlawful subpoena was provided to Supervisor Vislosky so that she could use it for her own personal political purposes (Exhibit B). Acting in concert with Supervisor Vislosky, Defendant Whitney used his position as a Falls Township police officer to trick Comcast into issuing the letter in response to an invalid subpoena. He created the image of a valid, proper police investigation which had obtained confidential information, not by the consent of the target of the investigation, but under the authority and power of the state to investigate criminal activity.

27. The letter was then provided to Township Supervisor Dorothy Vislosky by Defendant Whitney so that she could use it in her newsletter, for her own personal, political

purposes. In her newsletter, Supervisor Vislosky stated that Plaintiff DeBlasio, "is running everywhere denying that she stole Dorothy Vislosky's identity." This statement was factually untrue. This statement was misleading because: while it is true that Plaintiff did not steal "Dorothy Vislosky's identify", it is also true that she never denied engaging in the above referenced conduct. In fact, when Plaintiff was questioned by Bucks County Detectives about the event, at the urging of Supervisor Vislosky, she answered the County Detectives' questions openly, without reservation and offered them the opportunity to examine her computer. They concluded that there was no basis to bring any criminal charges prior to the Vislosky Newsletter being published. Despite the fact that there was no basis to bring criminal charges, Defendant Whitney providing Supervisor Vislosky with the letter so that she could use it in her newspaper to create a false image and to humiliate Plaintiff.

**COUNT I**
**DEBRA E. DeBLASIO V. DET. SGT. NELSON E. WHITNEY, II**
**CIVIL RIGHTS VIOLATION**

28. The averments of paragraphs 1 through 27 are incorporated herein by reference as though they were fully set forth.

29. At all times relevant hereto, Defendant Whitney has acted as a police officer for Falls Township under the color of state law and, in so doing, obtained a document which appeared to be a lawfully issued subpoena to obtain records and information from Comcast.

30. The "subpoena" obtained by Defendant Whitney, which purported to be a lawful subpoena, was not a valid subpoena executed by a judicial officer used to obtain documents in furtherance of pending Civil Litigation or Criminal Litigation.

31. The "subpoena" used by Defendant Whitney to obtain the letter from Comcast was not a subpoena issued by a properly constituted investigative body such as a grand jury.

32. Defendant Whitney acted under the color of state law and obtained information concerning Debra E. DeBlasio which would not have been disclosed but for his

use of the subpoena.

33. Defendant Whitney did not provide any notice to Plaintiff as to his intended use of the "subpoena" and, as a result, Plaintiff had no opportunity to challenge his conduct or to seek any judicial relief from his conduct prior to his unlawfully obtaining that information.

34. Defendant Whitney provided a copy of the letter to Supervisor Vislosky without providing Plaintiff a copy of same under circumstances which prevented Plaintiff from seeking judicial intervention prior to Supervisor Vislosky's use of the document.

35. Defendant Whitney acting as a Falls Township police officer under color of state law, has violated the Plaintiff's constitutional right to be free of unreasonable searches and seizures and as such his conduct was in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 USC 1983.

36. Furthermore, Defendant Whitney, by reason of the conduct set forth above, has seized information from the Plaintiff and deprived her of the right to judicially challenge that seizure, prior to its dissemination and thereby deprived her of due process of law in violation of the guarantees of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 USC 1983.

37. Defendant Whitney's conduct was outrageous and in violation of civil law. Defendant Whitney violated Pennsylvania's wiretapping and electronic surveillance law and in so doing committed a felony.

38. Defendant Whitney knew and/or should have known that he was violating Pennsylvania law and the Plaintiff's constitutional rights when he engaged in the above referenced course of conduct. By his conduct, he acted maliciously and with reckless indifference to the rights of the Plaintiff. As a result, punitive damages should be awarded.

39. As a result of Defendant's conduct, Plaintiff has been held up to public ridicule and has suffered shame and humiliation and her reputation has been injured.

40. Defendant Whitney, by his conduct, has engaged in an unlawful conspiracy with Township Supervisor Dorothy Vislosky, and possibly others currently unknown to Plaintiff, to embarrass, humiliate and defame Plaintiff and he has used his police authority to violate Plaintiff's constitutional rights in furtherance of the conspiracy.

41. The Court is empowered to issue injunctive relief where appropriate. Plaintiff requests the issuance of an Order to provide relief for her and possibly others from abusive police investigatory conduct.

42. Plaintiff has been required to retain the services of an attorney to protect and enforce her constitutional rights in accordance with 42 USC 1983 and she seeks attorney's fees in accordance with 42 USC 1988.

**WHEREFORE**, Plaintiff, Debra E. DeBlasio, demands judgment against Defendant Det. Sgt. Nelson E. Whitney, II, both individually and as a police officer for Falls Township, both jointly and severally with Defendant Falls Township, for compensatory and punitive damages (punitive damages being against Defendant Whitney solely and not against the Defendant Falls Township), and injunctive relief enjoining future police misconduct, together with court costs, attorney's fees and delay damages where appropriate, said amount being in excess of the arbitration limits of this Court.

**COUNT II**
**DEBRA E. DeBLASIO V. DET. SGT. NELSON E. WHITNEY, II**
**ABUSE OF CIVIL PROCESS**

43. The averments of paragraphs 1 through 42 are incorporated herein by reference as though they were fully set forth.

44. Defendant Whitney has by the conduct set forth previously engaged in an "Abuse of Civil Process" as that term has been defined by common law in the Commonwealth of Pennsylvania as a common law cause of action.

45. Plaintiff claims damages against Defendant based on the pendant state cause of action for the embarrassment and humiliation suffered, as well as damage to her reputation.

**WHEREFORE**, Plaintiff, Debra E. DeBlasio, demands judgment against Defendant Det. Sgt. Nelson E. Whitney, II, both individually and as a police officer for Falls Township, both jointly and severally with Defendant Falls Township, for compensatory and punitive damages (punitive damages being against Defendant Whitney solely and not against the Defendant Falls Township), together with court costs, and delay damages where